IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00062-CR

No. 10-09-00063-CR

 

P. David Romei,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court Nos. 07-04489-CRF-361
and 07-04491-CRF-361

 



ORDER



 

            In an order dated April 7, 2010, this Court held:

            It is the joint responsibility of this
Court and the trial court to ensure that the appellate record is timely filed. 
Tex. R. App. P. 35.3(c). 
Further, this Court may enter any order necessary to ensure the timely filing
of the appellate record.  Id.  Accordingly, the supplemental reporter’s
record is ORDERED to be filed no later than 7 days from the date of this
order.  

 

            Failure to file the reporter’s record
as herein ordered will result in an abatement order for the trial court, the
Honorable Steve Smith of the 361st District Court, to determine, working with
the official reporter, Felix Thompson, a date certain by which the supplemental
reporter’s record will be filed.

 

            The reporter’s record in these appeals
was originally due over one year ago on March 13, 2009.  After substantial effort by this Court, a reporter’s record was filed on October 19, 2009.  The Court was informed by letter dated February 22, 2010 that appellant requested preparation of a “supplemental” reporter’s record because appellant discovered that the
reporter’s record filed on October 19, 2009 was incomplete.  

            A purported supplemental record was
filed on April 14, 2010; however, it was not accompanied by a signed
certificate.  The Court received a signed certificate a week later on April 21, 2010.  At that time, the Clerk of this Court failed to notice that the
supplemental record was still incomplete.  The supplemental record did not
contain a requested transcription of a hearing held on October 16, 2008.  This deficiency was brought to the Court’s attention on April 30, 2010.

            Accordingly, this appeal is ORDERED to
be abated for the trial court, the Honorable Steve Smith of the 361st District
Court, to determine, working with the official reporter, Felix Thompson, a date
certain by which the supplemental reporter’s record will be filed.  A
determination must be made in writing and provided to the trial court clerk
within 7 days from the date of this order.  The trial court clerk is ordered to
provide a supplemental clerk’s record, containing the written determination of
the trial court, within 14 days from the date of this order.




            Further, all briefing schedules
continue to be suspended until further order of the Court.

 

                                                                        PER
CURIAM           

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed May 6, 2010 

Publish






 for abuse of discretion.  Brewer v.
Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.).  A prison
inmate who files suit in a Texas state court pro se and who seeks to proceed in
forma pauperis must comply with the procedural requirements set forth in
Chapter 14 of the Civil Practice and Remedies Code.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.002(a), 14.004, 14.005 (Vernon 2002)).  Failure to fulfill those
procedural requirements will result in dismissal of an inmate’s suit.  Id.

            Subsection 14.005(a)
mandates that an inmate who files a claim subject to the TDCJ grievance system
file an affidavit or unsworn declaration stating the date that his grievance
was filed and the date that he received the written grievance decision.  Id.
at 768 (citing Tex. Civ. Prac. &
Rem. Code Ann. § 14.005(a)(1)).  The section also mandates the filing of
a copy of the written grievance decision.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann. §
14.005(a)(2)).  If an inmate does not strictly comply with subsection
14.005(a), a trial court does not abuse its discretion in dismissing the
claim.  Id.

Easter’s belated filing of his motion to
enlarge the record included only copies of the Step 1 and Step 2 grievance
forms.  He failed to file an affidavit or unsworn declaration stating the date
that his grievance was filed and the date that he received the written
grievance decision.[2]

Because of Easter’s failure to comply
with section 14.005, the trial court did not abuse its discretion in dismissing
Easter’s suit.  We overrule issue one.

Easter’s second issue asserts that the
trial court’s dismissal for a single noncompliance with Chapter 14 violates the
open courts provision of the Texas Constitution.  His third issue asserts that
the trial court denied Easter due process by giving a “much too technical
reading” of his pro se pleading.  Because neither of these complaints was asserted
in the trial court, they have not been preserved for appellate review.  Tex. R. App. P. 33.1(a); see Brewer, 268 S.W.3d at 767 (“Constitutional violations must be raised
in the trial court for them to be preserved for appellate review.”).  We
overrule issues two and three.

Having overruled Easter’s three issues,
we affirm the trial court’s order of dismissal.

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

Affirmed

Opinion
delivered and filed June 8, 2011

[CV06]









[1] Several weeks after the filing of his
petition, Easter filed a “motion to enlarge the record” that included his
administrative grievances.  This motion apparently was not served on the
Attorney General, which accounts for the allegation that Easter had failed to
exhaust his administrative remedies.





[2] “A court shall dismiss a claim if the
inmate fails to file the claim before the 31st day after the date the inmate
receives the written decision from the grievance system.”  Tex. Civ. Prac. & Rem. Code Ann. §
14.005(b).  The Step 2 grievance shows a TDCJ response date of August 24,
2009.  Easter mailed his petition for filing on September 29 (the petition was
actually filed on October 5), and if Easter received the Step 2 grievance
decision on or about August 24, his claim was untimely filed, which further
warranted the trial court’s dismissal.